IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LATASHA JACKSON,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

Criminal Action No. ELH-17-00264
Related Civil No.: ELH-18-3343

**MEMORANDUM**

Latasha Jackson, Petitioner, has filed a "Motion To Vacate, Set Aside, And Correct A Sentence," pursuant to 28 U.S.C. § 2255. ("Petition," ECF 390). The government has filed an opposition. ECF 398. No reply was filed, and the time to reply has expired.

No hearing is necessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

## I.    Factual and Procedural Background

A grand jury in the District of Maryland returned a twelve-count Superseding Indictment on May 31, 2017 (ECF 4), naming twelve defendants. It included three counts against Latasha Jackson. In particular, Jackson was charged in Count One with conspiracy to distribute and possess with intent to distribute heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846. In Count Four, Jackson was charged with distribution of heroin and cocaine base, in violation of 21 U.S.C. § 841(a). Count Eight charged Jackson with distribution of heroin, in violation of 21 U.S.C. § 841(a).

On October 5, 2017, Jackson appeared before the Honorable J. Frederick Motz and entered a plea of guilty to Count One of the Superseding Indictment. ECF 148; ECF 150 (Plea

Agreement).[1]  As part of the Plea Agreement, Jackson stipulated to a two-level increase to her base offense level because a firearm was possessed as part of the conspiracy.  ECF 150, ¶ 6(b); *see* U.S.S.G. § 2B1.1(b).

Paragraph 6(a) of the Plea Agreement contains the stipulation of facts.  Jackson agreed, *inter alia*, that during the narcotics conspiracy, "law enforcement seized a firearm from one of the Defendants' co-conspirators."  ECF 150 at 4, ¶ 6(a).  Jackson also agreed that, in furtherance of the conspiracy, she sold crack cocaine to an undercover agent on April 28, 2017, and sold heroin to an undercover agent on May 8, 2017.  *Id.*

Notably, the plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C).  ECF 150, ¶ 9.  Pursuant to the terms of the C plea, the parties stipulated to a sentence of 72 months' imprisonment as the appropriate disposition of the case.  *Id.*  Moreover, Jackson expressly waived her right to appeal, subject to the reservation of the right to appeal a sentence of more than 72 months.  *Id.* at 6, ¶ 12(b).

Sentencing was held on December 7, 2017.  ECF 192.  By that time, the case had been reassigned to me.

According to the original Presentence Report (ECF 182), the defendant qualified as a career offender.  *Id.* ¶¶ 22, 40.  It is not clear whether the parties anticipated that finding.  But, it was not mentioned in the Plea Agreement.  *See* ECF 150, ¶ 6(b).  In any event, I rejected it.  Therefore, an Amended Presentence Report was prepared (ECF 194), which reflected a final offense level of 23 (*id.* ¶ 25) and a criminal history category of III.  *Id.* ¶ 39.

Petitioner's advisory sentencing guidelines range called for a period of incarceration of 57

---

[1] The case was reassigned from Judge Motz to this Court on October 13, 2017, due to the retirement of Judge Motz.

2

to 71 months. *Id.* ¶ 94. However, based on the mandatory minimum term of 60 months, the guideline range was adjusted to 60 to 71 months. *Id.*; *see* U.S.S.G. § 5G1.1(c)(2).

Moreover, I rejected the C plea of 72 months' imprisonment as too harsh. Instead, I sentenced Jackson to a term of imprisonment of 60 months. ECF 195 (Judgment). Of import here, the five-year sentence corresponded to the congressionally mandated minimum term of imprisonment of five years. *See* ECF 150 at 2, ¶ 3; *see also* 21 U.S.C. § 841(a)(1)(B). As the government puts it, "This was the lowest possible sentence that Jackson could have received because it was the statutory minimum for Count One." ECF 398 at 2.

Thereafter, the government dismissed Count Four and Count Eight of the Superseding Indictment. Neither Jackson nor the government noted an appeal.

## II.     Discussion

Jackson challenges the two-level enhancement in her guidelines calculation based on possession of a firearm in furtherance of a drug conspiracy, pursuant to U.S.S.G. § 2B1.1(b)(1). She relies on the Supreme Court's decision in "*Dimaya v. United States.*" *See Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018).

## III.    Section 2255

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

"[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428). In other words, the movant must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

The scope of collateral attack under § 2255 is far narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, ___ U.S. ___, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)). *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994) ("the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence).

Under the "cause and prejudice" standard, the petitioner must show: (1) cause for not raising the claim of error on direct appeal; and (2) actual prejudice from the alleged error. *Bousley*,

523 U.S. at 622; *see also Dretke*, 541 U.S. at 393; *Reed*, 512 U.S. at 354; *Frady*, 456 U.S. at 167-68.

In order to show cause for failure to raise a claim of error on direct appeal, a petitioner must prove that "some objective factor external to the defense such as the novelty of the claim or a denial of effective assistance of counsel" impeded the efforts to raise the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also Carrier*, 477 U.S. at 492 ("[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim."); *Mikalajunas*, 186 F.3d at 493 (movant must demonstrate "something external to the defense, such as the novelty of the claim or a denial of effect assistance of counsel"). Additionally, the alleged error cannot simply create "a *possibility* of prejudice," but must be proven to work to the petitioner's "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). Put another way, prejudice does not support relief of a procedural default in the absence of a showing of cause. *Carrier*, 477 U.S. at 494; *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

Jackson did not challenge at sentencing or on appeal the calculation of her offense level under the sentencing guidelines. On this basis, the claim is barred.

In any event, Jackson stipulated to the two-level increase in her offense level because a codefendant possessed a firearm as part of the conspiracy. ECF 150, ¶ 6(b). *See, e.g.*, *United States v. Borden*, 2016 WL 7031802, at *4 (W.D. Va. Dec. 1, 2016); *Shuron v. United States*, 2014 WL 2532469, at *4-5 (D. Md. June 4, 2014).

Finally, as the government argues, any error in regard to the firearm offense is of no legal significance. After this Court rejected the C plea, calling for a six-year sentence, I imposed the congressionally mandated minimum sentence of five years. Thus, notwithstanding the two-level

5

upward adjustment, Jackson suffered no prejudice, even assuming, *arguendo*, that the firearm was incorrectly attributed to her. *See United States v. Pina*, 605 Fed. App'x 150, 151-52 (4th Cir. 2015).

In short, the Court had no authority to impose a sentence below the five-year mandatory minimum term of imprisonment. That minimum was calculated based solely on drug quantity, not on the gun. Even without the weapon, Petitioner was subject to the five-year minimum sentence. *See United States v. Robinson*, 404 F.3d 850, 862 (4th Cir. 2005).

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[2]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. at 773. Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

---

[2] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Petitioner has not made a substantial showing of the denial of her constitutional rights, I decline to issue a COA.

An Order follows.


Date: April 15, 2019 /s/
Ellen L. Hollander
United States District Judge